# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re <br><br> **IB AGRICULTURE, INC.,** <br><br> Debtor. | Case No. **13-60967-11** |

## MEMORANDUM OF DECISION

At Butte in said District this 18th day of October, 2013.

In this Chapter 11 case creditor Monty's Plant Food Co. ("Monty's") filed a Motion to Modify Stay (Docket No. 27 – hereinafter the "Motion") based upon 11 U.S.C. § 362(d)(1) & (2) on August 20, 2013, requesting relief from the automatic stay to proceed with a jury trial against the Debtor and other defendants in Civil Action No. 3:12 CV-271-S in the United States District Court for the Western District of Kentucky, Louisville Division (the "Kentucky case"). Debtor filed an objection, and a hearing on Monty's Motion was held at Missoula on October 10, 2013. Monty's was represented at the hearing by attorney Dean A. Stensland of Missoula. Debtor was represented by attorney Jon R. Binney of Missoula. No testimony or exhibits were admitted. The Court heard arguments from counsel[1], after which the Court took the Motion under advisement. After review of the record and applicable law, this matter is ready for decision. For the reasons set forth below, Debtor's Objection will be overruled and Monty's Motion to Modify Stay granted to the limited extent that the parties may proceed to litigate the Kentucky case to

---

[1] Counsel's arguments included whether attorney Adam Duerk and Milodragovich, Dale & Steinbrenner, P.C., which Debtor seeks to employ, are disinterested as required for employment, after they filed a proof of claim. That issue is not pertinent to Monty's Motion.

1

judgment.

This Court has jurisdiction of this Chapter 11 case under 28 U.S.C. § 1334(a).  Monty's Motion to Modify Stay is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

No dispute exists about the relevant facts.  The Kentucky case originated in the State of Montana when IB Agriculture, Inc. ("IB") and Eric Ibey filed a suit in Montana state district court against Monty's alleging breach of contract.  Monty's, which was a defendant, removed the case to Montana federal district court, and then won a change of venue to the federal district court in Kentucky.  Monty's filed an answer and counterclaim against Eric Ibey and IB, and they in turn filed an answer to Monty's counterclaim.  Pretrial preparations proceeded and a jury trial was scheduled in the Kentucky case to be held in early November 2013, but that trial setting has been vacated.  Monty's moves for relief from the stay to have the claims promptly adjudicated in Kentucky federal district court.

IB commenced this bankruptcy case by filing a voluntary chapter 11 petition on July 11, 2013.  Notice of commencement of this case was sent to Monty's and other creditors on July 17, 2013.  Debtor's Schedule F lists Monty's as a creditor with a disputed unsecured nonpriority claim in the amount of $1.  Schedule B lists Debtor's claim against Monty's as a contingent and unliquidated claim in an unknown amount.  The Statement of Financial Affairs lists the Kentucky case at Item 4 as pending.

October 2, 2013, was fixed as the claims bar date.  Monty's filed Proof of Claim No. 4 on October 1, 2013, asserting an unsecured nonpriority claim in the amount of $3,154,632.00.  The basis for Monty's claim is described as breach of contract, breach of duty of good faith and fair dealing, tortious interference with business prospects, and attorney fees.  Monty's answer and

counterclaim filed in the Kentucky case is attached to Monty's Claim 4. The counterclaim lists claims based upon theories of breach of contract, breach of duty of good faith and fair dealing, tortious interference with business prospects, and seeks attorney fees based on the written agreement. The second defense in the Monty's answer, paragraph 29, avers that the terms of the written agreement between Monty and IB dated February 12, 2007 (the "Summary Agreement") is governed by Kentucky law. Monty's requested a jury trial. To date, no objection to Proof of Claim 4 has been filed by the Debtor, nor has Debtor initiated an adversary proceeding.

Nevertheless, Debtor objects to Monty's Motion to Modify the stay. Debtor's objection argues that Monty's claim against the Debtor should be determined by this Court, and that the Debtor's claims against Monty's which may be involved in funding Debtor's Chapter 11 Plan should be determined by this Court.

## DISCUSSION

Under 11 U.S.C. § 362(g), a creditor has the burden of proving that a debtor does not have equity in property, while the debtor has the burden of proof on all other issues to show that the stay should not be modified. *In re Mittlestadt ("Mittlestadt")*, 20 Mont. B.R. 46, 52 (Bankr. D. Mont. 2002); *In re Hungerford ("Hungerford")*, 19 Mont. B.R. 103, 133-34 (Bankr. D. Mont. 2001); *In re National Environmental Waste* Corp., 191 B.R. 832, 836 (Bankr. C.D. Cal. 1996), *aff'd*, 129 F.3d 1052 (9th Cir. 1997). Monty's Motion to Modify Stay states that it is based on both § 362(d)(1) for "cause" and under § 362(d)(2). Section 362(d)(2)(A) requires that the debtor not have an equity in property. However, equity is not at issue in any manner in the instant contested Motion, so § 362(d)(2) does not apply, leaving § 362(d)(1).

This Court explained the standard for modifying the stay for "cause" under § 362(d)(1) in

3

*In re Westco Energy, Inc. ("Westco")*, 18 Mont. B.R. 199, 211-12 (Bankr. D. Mont. 2000):

> Section 362(d), however, provides that, "[on request of a party in interest and after notice and a hearing, the court shall grant relief from the [automatic] stay" in three instances. The subsection relevant to these proceedings is § 362(d)(1), which allows for the granting of relief from the automatic stay "for cause". What constitutes cause for purposes of § 362(d) "has no clear definition and is determined on a case-by-case basis." *Tucson Estates*, 912 F.2d at 1166. *See also Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In the Matter of Little Creek Dev. Co.)*, 779 F.2d 1068, 1072 (5th Cir. 1986) (Relief from the automatic stay may "be granted 'for cause,' a term not defined in the statute so as to afford flexibility to the bankruptcy courts.").

Section 362 vests this Court with wide latitude in granting appropriate relief from the automatic stay, and a decision to lift the automatic stay is within a bankruptcy court's discretion, and subject to review for an abuse of discretion. *In re Delaney-Morin*, 304 B.R. 365, 369-70 (9th Cir. BAP 2003); *In re Leisure Corp.*, 234 B.R. 916, 920 (9th Cir. BAP 1999); *In re Plummer ("Plummer")*, 20 Mont. B.R. 468, 477-78 (Bankr. D. Mont. 2003); *Mataya v. Kissinger (In re Kissinger)*, 72 F.3d 107, 108-109 (9th Cir. 1995).

The party seeking relief must first establish a prima facie case that cause exists for relief under § 362(d)(1). *United States v. Gould*, 401 B.R. 415, 426 (9th Cir. BAP 2009); *Duvar Apt. Inc. v. FDIC (In re Duvar Apt., Inc.)*, 205 B.R. 196, 200 (9th Cir. BAP 1996). Monty seeks relief from the stay to litigate IB's claims and its counterclaim in the Kentucky case, where the Montana federal district court concluded venue is proper. Kentucky law appears to govern the breach of contract claims. Pretrial preparation has concluded and the Kentucky case is ready for trial. Based on these undisputed facts, the Court finds that Monty's has established a prima facie case that cause exists for relief from the stay under § 362(d)(1), and so the Debtor has the burden of proof to show that the stay should not be modified. *Mittlestadt*, 20 Mont. B.R. at 52;

*Hungerford*, 19 Mont. B.R. at 133-34; 11 U.S.C. § 362(g)(2). Debtor offered no evidence at the hearing to sustain its burden of proof.

Instead, at the hearing Debtor's counsel argued that this Court can hear and determine the claims pleaded in the Kentucky case in its determination of Debtor's future objection to Monty's Proof of Claim. Under 28 U.S.C. § 157(b)(2)(B), core proceedings include allowance or disallowance of claims against the estate, and also include estimation of claims or interests for the purposes of confirming a plan under chapter 11.

Federal law authorizes bankruptcy judges to hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11. § 157(b)(1); *In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 565 (9th Cir. 2012). Bankruptcy judges have a narrower power to hear a proceeding that is not a core proceeding and to submit proposed findings of fact and conclusions of law to the district court for entry of final judgment. § 157(c)(1); *Bellingham*, 702 F.3d at 565-66.

The Debtor argues that this Court can determine allowance of Monty's Proof of Claim. However, § 157(b)(2)(O) specifically excludes from core proceedings personal injury tort claims. Monty's second defense in paragraph 30 of its answer, attached to its Proof of Claim, refers to a malice claim under Montana law in Count VII of IB's complaint. Malice is a tort claim, and as such excluded from core proceedings under § 157(b)(2)(O). Similarly, Monty's counterclaims for breach of duty of good faith and fair dealing and tortious interference with business prospects are tort claims and thus non-core. At best, this Court could hear the non-core claims and issue proposed findings of fact and conclusions of law to the U.S. District Court in Montana, which has transferred venue to Kentucky. *See Bellingham*, 702 F.3d at 565-66.

The United States Supreme Court in *Stern v. Marshall*, _ U.S. _, 131 S.Ct. 2594, 2608, 2620, 180 L.Ed.2d 475 (2011), held that bankruptcy courts lack the constitutional authority to enter final judgments on state law counterclaims that are not resolved in the claims allowance process. Like *Bellingham*, the Supreme Court interpreted § 157(c)(1) as instructing bankruptcy judges to submit proposed findings in a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. *Stern*, 131 S.Ct. at 2604. The Supreme Court also wrote: "Core proceedings are, at most, those that arise in title 11 cases or arise under title 11." *Stern*, 131 S.Ct. at 2605.

Applying this evolving law to the instant Motion, Debtor has not shown that any of the claims for relief in the Kentucky case are core proceedings. On the contrary, from Monty's answer and counterclaim it appears that all of the parties' claims are based on State law, either Montana State law or Kentucky State law, including State tort claims of both sides. The claims pre-date this bankruptcy case, and do not arise in this case or arise under title 11. Thus, in considering whether Debtor satisfied it burden to show that relief from the stay should not be granted, this Court finds that all pending matters in the Kentucky case appear to be non-core proceedings.

Under *Stern* and *Bellingham*, this Court would, if it denies Monty's Motion, be required to submit to the Montana district court proposed findings of fact and conclusions of law. There is no adversary proceeding pending, nor any objection to Monty's Proof of Claim. No pretrial matters have been scheduled or completed. The losing party would have the right to de novo review by the district court, then the right to appeal to the Ninth Circuit.

If, on the other hand, the Court grants Monty's Motion and modifies the stay, the

Kentucky case is ready for trial and needs only a trial date to be reset.  From a decision by the district court in Kentucky the losing party would be guaranteed only one level of appeal.  Based upon the status of the Kentucky case, versus the barest preliminary stage in the instant case, this Court deems it appropriate in its exercise of its discretion to grant Monty's Motion and allow the parties to proceed to judgment in Kentucky, with the limitation that the stay shall remain in place to prohibit Monty's from enforcing any judgment entered in the Kentucky case without first requesting and obtaining further relief from this Court.  The Court believes that this result will result in a more prompt determination of the parties' respective claims than if the case remains in this Court.  In the meantime, this Court may under § 157(b)(2)(B) estimate the parties' respective breach of contract claims for the purposes of proceeding in a timely fashion to confirmation of Debtor's chapter 11 Plan.

>   This Court's conclusion is bolstered by the Supreme Court's language in *Stern*:
>
>   Section 1334(c)(2), for example, requires that bankruptcy courts abstain from hearing specified non-core, state law claims that "can be timely adjudicated[] in a State forum of appropriate jurisdiction."  Section 1334(c)(1) similarly provides that bankruptcy courts may abstain from hearing any proceeding, including core matters, "in the interest of comity with State court or respect for State law."

*Stern*, 131 S.Ct. at 2620.

IB's and Monty's state law claims are non-core, and can be timely adjudicated in the Kentucky case.  Granting relief from the automatic stay returns the parties to the legal position which they enjoyed prior to the imposition of the stay.  *In re Johnson*, 17 Mont. B.R. 318, 319 (Bankr. D. Mont. 1999); *Estate of B.J. McAdams v. Ralston Purina Co.*, 154 B.R. 809, 812 (N.D. Ga. 1993).  Thus, while the Court has flexibility in determining whether to grant Monty's motion to modify, by granting the motion the Debtor retains whatever claims, defenses and

remedies it may have against Monty's in the Kentucky case.

In conclusion, this Court finds and concludes that the Debtor failed to satisfy its burden of proof to show that relief from the stay should not be granted, and the Court exercises its broad discretion and grants Monty's Motion to Modify Stay.  *Mataya v. Kissinger*, 72 F.3d at 108-109.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above overruling Debtor's objection and granting Monty's Motion to Modify Stay.

BY THE COURT

*/s/ Ralph B. Kirscher*
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana